IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFEREY SCOTT RANDALL,            ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | No. 3:11-CV-1969-D |
| ) | |
| CORRECTIONAL OFFICER FOXWORTH,            ) | |
| Defendant.            ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**Findings and Conclusions:**

Petitioner filed this petition pursuant to 28 U.S.C. § 2241. Petitioner did not pay the filing fee or file a proper request to proceed *in forma pauperis*. On August 31, 2011, the Court sent Petitioner a notice of deficiency and directed the Clerk of the Court to send Petitioner a form application to proceed *in forma pauperis*. The notice of deficiency informed Petitioner that failure to cure the deficiency within thirty days could result in a recommendation that the petition be dismissed. More than thirty days have passed and Petitioner has failed to pay the filing fee or file an application to proceed *in forma pauperis*.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule

41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Petitioner has failed to comply with the Court's deficiency order.  Accordingly, his petition for writ of habeas corpus should be dismissed for want of prosecution.  *See Larson*, 157 F.3d at 1031-32 (holding that court acted within its discretion in dismissing a case for failure to submit the prisoner trust fund statement or pay the filing fee as required by the PLRA).

**RECOMMENDATION:**

The Court recommends that the petition for writ of habeas corpus be dismissed without prejudice for want of prosecution, pursuant to Fed. R. Civ. P. 41(b).

Signed this 28th day of December, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).